UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK EDWARD MCPHARLIN,

        Petitioner,

v.                                              CASE NO. 08-13711
                                              HONORABLE GEORGE CARAM STEEH

JEFF WOODS,

        Respondent.
_____/

## ORDER OF DISMISSAL

Petitioner Mark Edward McPharlin is a state inmate at Kinross Correctional Facility in Kincheloe, Michigan. He has filed a motion to proceed *in forma pauperis*, an application for the writ of habeas corpus under 28 U.S.C. § 2241, and a motion for immediate consideration and injunctive relief. Petitioner is challenging the legality of felony complaints filed against him in 1993, 2002, and 2004. He appears to allege that there was no showing of probable cause to arrest him and, therefore, the state district court improperly transferred jurisdiction to the state circuit court. He maintains that the circuit court lacked jurisdiction and that the subsequent judgments are null and void.

A threshold question is whether Petitioner exhausted state remedies for his claim.[1] The doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v.*

---

[1] Because the exhaustion question is dispositive, the Court finds it unnecessary to decide whether Petitioner is in custody for all the convictions under attack or whether he has complied with the one-year statute of limitations for habeas petitions challenging state convictions.

*Reese*, 541 U.S. 27, 29 (2004). State prisoners must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999). State prisoners filing habeas petitions under 28 U.S.C. § 2241 are subject to the same exhaustion requirement as prisoners filing under § 2254. *See Anderson v. Haskins*, 407 F.3d 399 (6th Cir. 1969).

Petitioner raised his habeas claim in a state complaint for the writ of habeas corpus. Chief Judge Nicholas J. Lambros of Chippewa County Circuit Court dismissed the complaint on the ground that a state complaint for habeas corpus, after conviction and sentence, is an improper method of review.[2] Petitioner apparently did not pursue any other state remedies for his claim. He alleges that he did not raise his claim in the State's appellate courts, following Chief Judge Lambros' decision, because he is indigent and could not pay the filing fee for a civil action. He has not explained why he did not raise his claim on direct review of his convictions, using the State's criminal review procedures, or in a motion for relief from judgment pursuant to subchapter 6.500 of the Michigan Court Rules. While the deadlines for pursuing direct review

---

[2] The statute governing civil complaints for the writ of habeas corpus generally "prohibits habeas corpus relief to '[p]ersons convicted, or in execution, upon legal process, civil or criminal.'" *Moses v. Dep't of Corr.*, 274 Mich. App. 481, 485-486; 736 N.W.2d 269, 273 (2007) (quoting Mich. Comp. Laws § 600.4310(3)). "This statutory prohibition is generally consonant with often repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction." *People v. Price*, 23 Mich. App. 663, 669; 179 N.W.2d 177, 180 (1970) (footnotes omitted); *see also Moses*, 274 Mich. App. at 486; 736 N.W.2d at 273. An exception exists "where the convicting court was without jurisdiction to try the defendant for the crime in question." *Price*, 23 Mich. App. at 670; 179 N.W.2d at 180. Chief Judge Lambros determined that the errors asserted did not divest the trial court of jurisdiction and, therefore, habeas corpus was an improper method of review

2

of his convictions likely have expired, there is no deadline for filing a motion for relief from judgment.

The Court concludes that Petitioner failed to exhaust available state remedies for his claim by invoking one complete round of the State's established appellate review process. Accordingly, his complaint is summarily DISMISSED without prejudice. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Petitioner's motion to proceed *in forma pauperis* [Dkt. 2, Aug. 28, 2008] is DENIED as moot because he paid the filing fee. His motion for immediate consideration and injunctive relief [Dkt. 4, Sept. 29, 2008] is GRANTED in part and DENIED in part. The request for immediate consideration is GRANTED, but the request for an order restraining Respondent from transferring Petitioner during the pendency of this action is DENIED as moot.

Dated: October 6, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 6, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

3