UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EDWARD MCPHARLIN,

        Petitioner,

v.                                              CASE NO. 08-13711
                                               HONORABLE GEORGE CARAM STEEH

JEFF WOODS,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTIONS
FOR RECONSIDERATION AND REHEARING
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Petitioner Mark Edward McPharlin has moved for reconsideration and rehearing of the Court's order dismissing his habeas corpus petition for failure to exhaust state remedies. Petitioner alleges in his pending motions that exhaustion of state remedies is not required and that there is no state court judgment to adjudicate in any event because the Bay County District and Circuit Courts were divested of subject matter and personal jurisdiction.

While it is true that "the exhaustion requirement is not a jurisdictional one," *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White,* __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006), the Supreme Court requires state prisoners to give state courts an opportunity to resolve federal constitutional claims before seeking a writ of habeas corpus in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "[T]he exhaustion rule protects "the state court's role in the enforcement of federal law and prevent[s]

disruption of state judicial proceedings." *Matlock v. Rose*, 731 F.2d 1236, 1240 (6th Cir. 1984) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Petitioner has not persuaded the Court that it was misled by a "palpable defect" when it dismissed his habeas petition for failure to exhaust state remedies. Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005). Accordingly, Petitioner's motion for reconsideration [Dkt. 7] and motion to amend and for rehearing [Dkt. 8] are **DENIED.**

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the habeas petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may not appeal this Court's decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

Dated: December 12, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk